UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VILLA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO and RUDY PERAZA,<br><br>　　　　　　　　　Defendants. | Case No.: 20-CV-537-CAB-NLS<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING DEFENDANT RUDY PERAZA'S MOTION TO DISMISS**<br><br>[Doc. Nos. 6, 7] |

Before the Court are Defendant County of San Diego's and Defendant Rudy Peraza's motions to dismiss. [Doc. Nos. 6, 7.] The Court finds them suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Defendant County of San Diego's motion to dismiss is granted with leave to amend and Defendant Rudy Peraza's motion to dismiss is denied.

## I.   BACKGROUND

Plaintiff Miguel Villa alleges that on March 14, 2019, he was brought into the San Diego Central Jail for booking where Defendant Deputy Rudy Peraza ("Deputy Peraza")

was working. [Doc. No. 1 at ¶¶ 9-10.[1]] While Plaintiff was in restraints Deputy Peraza allegedly "punched and beat" Plaintiff and "bent [Plaintiff's] fingers." [*Id.* at ¶¶ 11-12.] Plaintiff alleges he posed no threat to anyone when Deputy Peraza attacked him, and he was unarmed and helpless. [*Id.* at ¶¶ 13-14.] No other deputy intervened to help when Deputy Peraza attacked him. [*Id.* at ¶ 15.] Prior to the attack on Plaintiff, Deputy Peraza allegedly attacked another inmate named Anthony Bolden in December 2018 by tasering him and pulling him by his metal waist chain through a tray slot. [*Id.* at ¶¶ 16-17.]

On March 20, 2020, Plaintiff filed his complaint against Defendants County of San Diego (the "County") and Deputy Peraza alleging: (1) excessive force and failure to intercede pursuant to 42 U.S.C. § 1983; (2) *Monell* violation pursuant to 42 U.S.C. § 1983; (3) assault; (4) battery; (5) negligence: (6) intentional infliction of emotional distress; and (7) violation of California Civil Code § 52.1 (the "Bane Act"). [Doc. No. 1.] On May 7, 2020, the County and Deputy Peraza each filed a motion to dismiss. [Doc. Nos. 6, 7.]

## II.   LEGAL STANDARD

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III.   REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the County requests the Court take judicial notice of the ECF docket report in the pending case *Bolden v. Peraza et. al*, No. 3:19-cv-01022-AJB-AHG. [Doc. No. 10-1.] Deputy Peraza requests the Court take judicial notice of the complaint in *Bolden v. Peraza et. al*, No. 3:19-cv-01022-AJB-AHG, the complaint in *People v. Bolden*, San Diego Superior Court Case No. CD280313, and the Plea of Guilty in *People v. Bolden*, San Diego Superior Court Case No. CD280313. [Doc. No. 11-1.]

Facts proper for judicial notice are those not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Here, the ECF docket report, the complaints, and the plea of guilty are proper subjects for judicial notice and the Court **GRANTS** the Defendants' requests for judicial notice. *See Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that it is appropriate to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation).

### IV.   DISCUSSION

The County moves to dismiss Plaintiff's complaint with prejudice contending that Plaintiff's *Monell* claim fails to allege the existence of a plausible policy that was the "moving force" behind the alleged constitutional violation, the County is immune from liability for Plaintiff's tort claims, and Plaintiff has failed to state facts sufficient to support a claim under the Bane Act. Deputy Peraza moves to dismiss Plaintiff's complaint contending that Plaintiff failed to set forth sufficient facts to allow the Court to draw the reasonable inference that Deputy Peraza is liable for the alleged misconduct.

### A. *Monell* Claim

Following *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "it is well-settled that in claims brought under 42 U.S.C. § 1983, municipalities are liable only for constitutional violations resulting from an official 'policy or custom.'" *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 694). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (*emphasis* in original). "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). Put differently, "a municipality sued under § 1983 is not subject to vicarious liability for the acts of its agents." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001).

"The 'first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989)). "[I]t is not enough for a § 1983 plaintiff to merely identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404. "A plaintiff cannot prove the existence of a municipal policy or custom based on solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989); *see also City of Canton*, 489 U.S. at 391 ("[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.").

Plaintiff's complaint asserts the following policies:

      a. Using excessive force, including deadly force on unarmed person who do not pose a risk of imminent death or serious bodily injury to others;

      b. Providing inadequate training regarding the use of force, including deadly force;

      c. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by County Sheriff's deputies, including the misconduct of the Defendant-deputy in this case;

      d. Announcing that unjustified uses of force are "within policy," even when they are later determined in court to be unconstitutional;

      e. Even where in-custody deaths are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

      f. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of in-custody deaths, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in the beating of unarmed, nonviolent, compliant, and/or potentially mentally impaired people.

[Doc. No. 1 at ¶ 19.]  Plaintiff then adds seven more purported policies later in the complaint. [*Id*. at ¶ 30.] Allegations concerning *Monell* liability based on the existence of a policy are subject to the pleading requirements of *Twombly/Iqbal*. As the Ninth Circuit has explained, even in the context of a *Monell* claim, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). While the Ninth Circuit previously had a liberal pleading standard for *Monell* claims, "[c]ourts in this circuit now generally dismiss claims that fail to identify the specific

content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015) (citation omitted).

Here, the complaint fails to adequately allege a specific official policy that caused any of the constitutional violations alleged in the complaint. Instead, Plaintiff asserts several purported policies without any factual support or causal relation to the incident that merely amount to conclusory statements. Plaintiff's citation to several cases involving unrelated isolated incidents is likewise unhelpful as Plaintiff has not provided much detail surrounding the circumstances of the incident while each of the cases cited involve distinct and detailed factual circumstances. As both Defendants point out with their requests for judicial notice, the allegation involving Deputy Peraza and another inmate involves a pending case where no factual findings have been made and the inmate plead guilty for "willfully & unlawfully attempt[ing] to deter an officer from performing [his] lawful duty using force/violence." [Doc. No. 11-1.]

Nor has Plaintiff sufficiently plead a failure to train, supervise, or discipline claim. "A 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.'" *Flores v. Cnty. of Los Angeles*, 759 F.3d 1154, 1159 (9th Cir. 2014). Plaintiff has not demonstrated a pattern of similar constitutional violations to demonstrate deliberate indifference. *Connick v. Thompson*, 563, U.S. 51, 61 (2011) (Deliberate indifference is a stringent standard that a municipal actor "disregarded a known or obvious consequence of his action", and can be demonstrated when "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." Finally, the Court does not agree that this incident, as plead in the complaint, allows Plaintiff to proceed with a single-incident theory of liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless" there is proof that the incident "was caused by an existing, unconstitutional municipal policy.").

Accordingly, the County's motion to dismiss Plaintiff's Monell claim is **GRANTED** and Plaintiff's second cause of action is **DISMISSED without prejudice**.

### B. State Law Claims Alleged Against the County

The County moves to dismiss Plaintiff's state law claims for assault, battery, negligence, and intentional infliction of emotional distress contending that the County's liability for those claims is precluded by California Government Code section 844.6. The County also contends Plaintiff failed to state a viable claim under the Bane Act. In his opposition, Plaintiff asserts that while there are conflicting authorities in the case law, Plaintiff elects to dismiss the state law causes of action for assault, battery, intentional infliction of emotional distress, and violation of the Bane Act as against the County only. While Plaintiff did not specifically mention his negligence claim, there is no other mention or opposition to the dismissal of the negligence cause of action. Accordingly, the County's motion to dismiss Plaintiff's state law causes of action is **GRANTED** and Plaintiff's third, fourth, fifth, sixth and seventh causes of action are **DISMISSED with prejudice** as against the County only.

### C. Excessive Force Claim

Deputy Peraza contends that Plaintiff has failed to provide the legal basis for his excessive force claim and failed to set forth factual details regarding the type and extent of force used. The incident in question revolves around Deputy Peraza's use of force while Plaintiff was brought in for booking and in restraints. Construing the complaint in Plaintiff's favor, it is reasonable to infer that Plaintiff is raising a Fourth Amendment excessive force claim.

A Fourth Amendment claim of excessive force is analyzed under the framework set forth by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). That analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Id*. at 396. Determining whether a police officer's use of force was reasonable or excessive therefore "requires careful attention to

the facts and circumstances of each particular case" and a "careful balancing" of an individual's liberty with the government's interest in the application of force. *Id.*; *see Deorle v. Rutherford*, 272 F.3d 1272, 1279–81 (9th Cir. 2001).

Plaintiff has alleged he was in restraints, unarmed, and posed no threat to anyone when Deputy Peraza punched and beat him and bent his fingers. Taking the facts as true and construing them in Plaintiff's favor at the motion to dismiss stage, Plaintiff has adequately alleged a plausible excessive force claim. Accordingly, Deputy Peraza's motion to dismiss Plaintiff's excessive force claim is **DENIED**.

### D. Assault and Battery Claims

Deputy Peraza moves to dismiss Plaintiff's assault and battery claims contending Plaintiff has not plead facts to support such claims. Under California law, "assault" is the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. "Battery" is "any willful and unlawful use of force or violence upon the person of another." *Id.* § 242. Under either theory of liability, the defendant must either threaten to touch or actually touch the plaintiff in a harmful or offensive way. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir.2006) (listing the elements of assault and battery under California law). Deputy Peraza allegedly punched and beat Plaintiff using unreasonable force while he was in restraints. Plaintiff's allegations are sufficient to state a claim for assault and battery against Deputy Peraza. Accordingly, Deputy Peraza's motion to dismiss Plaintiff's assault and battery claims is **DENIED**.

### E. Negligence and Intentional Infliction of Emotional Distress Claims

Deputy Peraza contends Plaintiff's fifth cause of action for negligence and sixth cause of action for intentional infliction of emotional distress both fail because they are premised upon an allegation of excessive and unreasonable force.

The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care.

*See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996); *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (1999).  In California, police officers have a "duty to use reasonable care in apprehending a suspect." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1101 (2004).  They owe "a duty to use reasonable care" in deciding whether to use and in fact using force.  *Id*.  If a police officer fails to meet this duty, he or she may be held liable for negligence.  *See id*.  "Determination of whether an officer breached such a duty is 'analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution.'" *Megargee v. Wittman*, 550 F. Supp. 2d 1190, 1209 (E.D. Cal. 2008) (quoting *Munoz*, 120 Cal. App. 4th at 1102 & n.6 ("[T]he plaintiff must prove the unreasonableness of the officer's conduct.")).  A plaintiff "may pursue inconsistent intentional tort and negligence claims against a police officer." *Id*. (citing *Munoz*, 24 Cal. 3d at 635).

The elements of a prima facie case of intentional infliction of emotional distress in California are "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Davidson v. City of Westminster*, 32 Cal.3d 197, 185 Cal.Rptr. 252, 649 P.2d 894, 901 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 156 Cal.Rptr. 198, 595 P.2d 975, 983 (1979)).

As stated above, Plaintiff has adequately alleged a plausible excessive force claim, and therefore has sufficiently alleged a claim for negligence and intentional infliction of emotional distress against Deputy Peraza.  Accordingly, Deputy Peraza's motion to dismiss Plaintiff's negligence and intentional infliction of emotional distress claims is **DENIED**.

### F. Violation of Bane Act Claim

Similarly, Deputy Peraza contends that because Plaintiff has failed to state facts sufficient to support his excessive force claim, his Bane Act claim must also fail. California's Bane Act, California Civil Code § 52.1, provides that a person "whose exercise or enjoyment" of constitutional rights has been interfered with "by threat, intimidation, or

coercion" may bring a civil action for damages and injunctive relief. *Id*. The essence of such a claim is that "the defendant, by the specified improper means . . . tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or force the plaintiff to do something he or she was not required to do." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007). The elements of an excessive force claim under § 52.1 are essentially the same as under § 1983, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014), though a Bane Act claim additionally requires a showing of "a specific intent to violate the arrestee's right to freedom from unreasonable seizure," *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citation omitted). "[R]eckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1043 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).

Furthermore, the Ninth Circuit specifically addressed a Bane Act claim based on excessive force in *Reese v. Cty. of Sacramento*, and again clarified that the Bane Act does not "require[ ] coercion independent from the constitutional violation." 888 F.3d at 1045. Here, Plaintiff has sufficiently plead an excessive force claim against Deputy Peraza. Accordingly, Deputy Peraza's motion to dismiss Plaintiff's Bane Act claim is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the County's motion to dismiss [Doc. No. 6] and **DENIES** Deputy Peraza's motion to dismiss [Doc. No. 7]. Plaintiff is instructed to carefully consider the above-provided guidance, and to conduct any necessary investigation and inquiry, such that if Plaintiff elects to re-present a claim based on municipal liability, such claim shall not be based merely on bare conclusory allegations that do not put the County on notice of the specific policies, acts, omissions, customs or alleged deficiencies in training that he may allege to have been the cause of the alleged constitutional violation at issue. Therefore, Plaintiff's second cause of action is **DISMISSED without prejudice** and Plaintiff's third, fourth, fifth, sixth, and seventh state law causes of action are **DISMISSED with prejudice** as against the County only.

Accordingly, should Plaintiff choose to amend the only remaining cause of action against the County will be Plaintiff's second cause of action under *Monell*.

Plaintiff is granted leave to file a first amended complaint that cures the deficiencies noted herein on or before **June 24, 2020**. If Plaintiff files an amended complaint within the time provided, Defendants are to file an answer on or before **July 8, 2020**, otherwise this case will proceed against Defendant Deputy Rudy Peraza who shall file his answer on or before **July 8, 2020**.

It is **SO ORDERED**.

Dated: June 11, 2020

Hon. Cathy Ann Bencivengo
United States District Judge