UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VILLA,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO and RUDY PERAZA,<br><br>                              Defendants. | Case No.:  20-CV-537-CAB-NLS<br><br>**ORDER DENYING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 15] |

Before the Court is Defendant County of San Diego's motion to dismiss Plaintiff's first amended complaint.  [Doc. No. 15.]  The Court finds it suitable for determination on the papers submitted and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the reasons set forth below, Defendant County of San Diego's motion to dismiss is denied.

## I.   BACKGROUND

Plaintiff Miguel Villa alleges that on March 14, 2019, he was brought into San Diego Central Jail for booking where Defendant Deputy Rudy Peraza ("Deputy Peraza") was

working.  [Doc. No. 13 at ¶¶ 9–13.[1]]  While Plaintiff was in restraints Deputy Peraza allegedly punched Plaintiff, beat Plaintiff, and bent Plaintiff's fingers while Plaintiff posed no threat to anyone.  [*Id*. at ¶¶ 16–18.]  No other deputy intervened to help, and Plaintiff suffered serious injuries, lacerations, and bruises.  [*Id*. at ¶¶ 20–21.]  Plaintiff alleges Defendant County of San Diego ("County") maintained a *de facto* policy of allowing its deputies to use force on citizens who were in restraints.  [*Id*. at ¶ 23.]  Over the past decade, there have been several complaints by citizens alleging use of force by San Diego sheriff's deputies on citizens who did not pose a threat to anyone.  [*Id*. at ¶ 24.]  Plaintiff alleges the County has maintained a custom or practice of allowing its deputies to use unnecessary force on individuals in handcuffs and the County was aware of several cases where similar allegations have been alleged.  [*Id*. at ¶¶ 25–26.]

On March 20, 2020, Plaintiff filed his complaint against Defendants County and Deputy Peraza alleging: (1) excessive force and failure to intercede pursuant to 42 U.S.C. § 1983; (2) *Monell* violation pursuant to 42 U.S.C. § 1983; (3) assault; (4) battery; (5) negligence: (6) intentional infliction of emotional distress; and (7) violation of California Civil Code § 52.1 (the "Bane Act").  [Doc. No. 1.]  On May 7, 2020, the County and Deputy Peraza each filed a motion to dismiss.  [Doc. Nos. 6, 7.]  On June 11, 2020, the Court issued an Order denying Deputy Peraza's motion to dismiss and granting the County's motion to dismiss allowing Plaintiff leave to amend only the *Monell* claim against the County.  [Doc. No. 12.]  On June 24, 2020, Plaintiff filed his first amended complaint ("FAC").  [Doc. No. 13.]  The County moved to dismiss the FAC on July 8, 2020.  [Doc. No. 15.]

## II.   LEGAL STANDARD

The familiar standards on a motion to dismiss apply here.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III.   REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the County requests the Court take judicial notice of various docket reports from cases mentioned by Plaintiff in his FAC.  [Doc. No. 15-2.]  Plaintiff requests the Court take judicial notice of a settlement agreement and orders issued in some of the cases mentioned in his FAC.  [Doc. No. 17-2.]

Facts proper for judicial notice are those not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201.  Here, the Court is aware that some of the mentioned cases in Plaintiff's FAC are ongoing and contain disputed facts.  The Court may however take judicial notice of the ECF docket report, orders, and other pleadings limited to their existence as matters of public record. Accordingly, the Court **GRANTS** Plaintiff's and the County's requests for judicial notice. *See Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that it is appropriate to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation).

## IV.    DISCUSSION

The County moves to dismiss Plaintiff's FAC contending it again fails to state facts sufficient to support a *Monell* claim and fails to comply with the instructions the Court gave in its previous Order granting the County's motion to dismiss.  Specifically, the County points to the Court's instruction that "Plaintiff is instructed to . . . conduct any necessary investigation and inquiry, such that if Plaintiff elects to re-present a claim based on municipal liability, such claim shall not be based merely on bare conclusory allegations that do not put the County on notice of the specific policies, acts, omissions, customs or alleged deficiencies in training that he may allege to have been the cause of the alleged constitutional violation at issue." [Doc. No. 12 at 10.]

### A. Existence of a Policy or Custom

Following *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "it is well-settled that in claims brought under 42 U.S.C. § 1983, municipalities are liable only for constitutional violations resulting from an official 'policy or custom.'" *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 694).  "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (*emphasis* in original).  "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).  Put differently, "a municipality sued under § 1983 is not subject to vicarious liability for the acts of its agents." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001).

"The 'first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989)).  "[I]t is not enough for a § 1983 plaintiff to merely identify conduct properly

attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989); *see also City of Canton*, 489 U.S. at 391 ("[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.").

The County argues the FAC fails to state a *Monell* claim because the cases listed in the FAC do not show a pattern of constitutional violations sufficient to demonstrate the existence of a policy or custom that could have been a moving force behind Plaintiff's alleged injuries. In Plaintiff's FAC, he alleges the County "maintained a *de facto* policy of allowing its deputies to use force on citizens who were in restraints" and "maintained a well-settled custom or practice of allowing its deputies to use unnecessary force on individuals in handcuffs." [Doc. No. 13 at ¶¶ 23, 25.] Plaintiff also alleges the County was specifically aware of such policies by *inter alia*, citizen complaints, newspaper articles, lawsuits, settlements, and a federal investigation. [*Id*. at ¶¶ 33–36.] Finally, Plaintiff alleges it was "this history of permitting the use of force on restrained individuals that was the moving force behind Defendant Peraza punching Mr. Villa in the face and bending Mr. Villa's fingers back." [*Id*. at ¶ 39.]

To support his allegation of a *de facto* policy and a custom or practice of allowing deputies to use unnecessary force on restrained individuals, Plaintiff references several complaints against the County that include allegations of similar misconduct by deputies on restrained individuals to Plaintiff's case. The County spends a significant portion of its opposition to show that a review of the docket reports in these cases results in only one finding of excessive force, two defense verdicts, five ongoing cases with no factual findings, and five dismissals without any factual findings. At this time, the Court will not delve into the specifics of each of these cases or construe any settled cases in favor of either

party.  Unlike Plaintiff's original complaint containing conclusory allegations of multiple generalized policies, the FAC provides additional factual support that frames the existence of a specific custom or practice that was the moving force behind Plaintiff's alleged injuries.  Construing the allegations in the light most favorable to Plaintiff, at this stage of the proceedings, the Court finds that Plaintiff has alleged facts to show the County has a custom or practice of allowing unnecessary force on restrained individuals, the County was on notice of this custom, and the custom was the moving force behind Plaintiff's alleged injuries.  Accordingly, the County's motion to dismiss Plaintiff's *Monell* claim for failure to demonstrate the existence of a policy or custom that could have been a moving force behind Plaintiff's alleged injuries is **DENIED**.

### B. Failure to Train, Supervise, or Discipline

Defendant notes Plaintiff's FAC also includes a *Monell* claim based on a failure to train theory but argues this theory is not viable.  "[A]s to a municipality, 'the inadequacy of police training may serve as the basis for 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'"  *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton*, 489 U.S. at 388 (1989)).  This means Plaintiff "'must demonstrate a conscious or deliberate choice on the part of a municipality in order to prevail on a failure to train claim.'"  *Id*. (quoting *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008)) (internal quotation marks omitted).  "Under this standard, [Plaintiff] must allege facts to show that the County 'disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights.'"  *Id*. at 1159 (quoting *Connick v. Thompson*, 563 U.S. 51 (2011)).  In the failure to train context, additional instances of misconduct are usually required to show deliberate indifference, however, a narrow range of possibilities exist where the need for training is so "obvious" as to be satisfied by a single incident.  *Connick*, 563 U.S. at 64.

As discussed above, according to the FAC what Plaintiff experienced is not an isolated incident and Plaintiff references several cases with allegations of excessive force

used on restrained individuals.  Plaintiff also alleged that the County was on actual or constructive notice from repeated incidents that the County's training on the use of force on restrained individuals was inadequate.  Therefore, Plaintiff has provided enough facts such that the County will be able to defend Plaintiff's *Monell* claim based on a failure to train.  Accordingly, the County's motion to dismiss Plaintiff's *Monell* claim based on a failure to train theory is **DENIED**.

### V.    CONCLUSION

For the reasons set forth above, the County's motion to dismiss Plaintiff's FAC is **DENIED**.

It is **SO ORDERED**.

Dated:  September 15, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

7